IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:06-CR-313-FL

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| HOPETON FRANK GOODEN, ) | |
| ) | |
| Defendant. ) | |

This matter comes before the court on the memorandum and recommendation (M&R) of United States Magistrate Judge James E. Gates (DE # 28), recommending the court deny defendant's motion to suppress (DE # 18). Defendant filed objections to the M&R, to which the government responded. In this posture, the issues raised are ripe for adjudication, and for the reasons discussed herein, the court adopts the M&R and denies defendant's motion.

## BACKGROUND

Defendant is charged with being an illegal alien in possession of firearms, in violation of 18 U.S.C. §§ 922(g)(5) and 924; possession with the intent to distribute a quantity of marijuana, in violation of 21 U.S.C. § 841(a)(1); being a felon in possession of firearms, in violation of 18 U.S.C. §§ 922(g)(1) and 924; and illegal reentry into the United States, in violation of 8 U.S.C. § 1326.

The court adopts the factual findings made in the M&R, and only presents a brief summary of the events in question. The charges arise from a disputed traffic stop and search of a vehicle driven by defendant, on Interstate 95 in Johnston County, North Carolina on the morning of June 1,

2006. At approximately 7:20 a.m., North Carolina State Trooper Anthony DiGiovanni (hereinafter "DiGiovanni") observed defendant speed and abruptly change lanes, nearly causing a collision with another vehicle. DiGiovanni initiated a traffic stop, and defendant produced a Jamaican driver's license in the name of "Michael Burke" and a vehicle rental agreement signed by a different individual, with defendant's alias listed as an additional driver. DiGiovanni requested defendant exit the car, and join the trooper in the front seat of the patrol vehicle. There, defendant told DiGiovanni the car had been rented from just outside New York City, and he was traveling to Myrtle Beach, South Carolina.

DiGiovanni wrote defendant a warning ticket, and upon handing the ticket, driver's license, and rental agreement to defendant, asked him about the presence of weapons, drugs, or large amounts of cash in the vehicle. Defendant denied possessing any such items, after which DiGiovanni requested consent to search. Defendant frequently replied "Okay" or "Right" during the ensuing conversation, and while he refused to sign a written consent to search form, he acknowledged DiGiovanni had oral consent to search. Thereafter, DiGiovanni quickly scanned the passenger area and trunk of the car, to ensure it contained no visible threats to his drug detection canine, Reno. DiGiovanni then used Reno to search defendant's vehicle, and the canine alerted to the presence of narcotics in luggage found in the car's trunk.

A hand search of defendant's vehicle revealed, among other items, a locked black canvas suitcase. After defendant was unable to produce a key to the suitcase, DiGiovanni cut off the lock, and therein discovered four firearms, three hundred and eleven (311) rounds of ammunition, and six magazine clips. Defendant was subsequently arrested, and further search of the vehicle revealed two hundred and fifty (250) grams of marijuana, and drug paraphernalia. A recording device mounted

2

on DiGiovanni's patrol vehicle captured video and audio of the search and a substantial portion of the discussion between DiGiovanni and defendant, and the resulting video recording was presented at the suppression hearing. Defendant moves to suppress all physical evidence and statements obtained as a result of the traffic stop.

## DISCUSSION

The district court conducts a *de novo* review of those portions of a magistrate judge's memorandum and recommendation to which specific objections are filed. See 28 U.S.C. § 636(b); Local Civil Rule 72.4(b), EDNC. Those portions of the memorandum and recommendation to which only general or conclusory objections are lodged may be affirmed by the district court unless clearly erroneous or contrary to law. See Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Defendant objects to two factual findings of the magistrate judge. First, defendant challenges the magistrate judge's finding that "the Video [is] a complete and accurate record of the interaction between DiGiovanni and defendant during this period," and that "[t]here are no allegations or evidence of tampering with the Video." (M&R at 13.) Based on these findings, the magistrate judge did not credit defendant's testimony that DiGiovanni twice asked whether he was a Rastafarian who could obtain marijuana; and that defendant explicitly refused to consent to a search of the vehicle, and DiGiovanni announced he would conduct a search anyway. (See Def.'s Obj. at 3.) Second, defendant challenges the finding that the doors to DiGiovanni's patrol vehicle were not locked while defendant was seated inside, prior to arrest. After review of the evidence of record, including the video, and the transcript of the suppression hearing, the court agrees with the findings made by the

3

magistrate judge, for the reasons presented in the M&R, and accordingly these findings are adopted as the court's own.

Defendant does not object to the magistrate judge's finding that the initial traffic stop was valid, and the court also adopts this finding as its own. The remaining objections focus on events after the expiration of the traffic stop. See United States v. Lattimore, 87 F.3d 647, 653 (4th Cir. 1996) (holding traffic stop ended when "the officer had issued the citations and returned [the defendant's] driver's license, indicating that all business with [the defendant] was completed and that he was free to leave").

Defendant contends DiGiovanni continued the seizure of defendant beyond the end of the traffic stop, thus tainting defendant's consent to search and the search itself. The court agrees with the magistrate judge's finding that, upon handing back defendant's license and the warning ticket, "a reasonable person would have felt free to decline the officer['s] requests or otherwise terminate the encounter," and thus a Bostick encounter, not a seizure, resulted. Florida v. Bostick, 501 U.S. 429, 438 (1991); see also Lattimore, 87 F.3d at 653 ("The totality of the circumstances presented indicate that from this point forward the encounter was consensual; [the defendant] was not being detained. Thus, there was no illegality to taint [the defendant's] oral consent to the search.").

Defendant asserts DiGiovanni's alleged inquiry regarding defendant being a Rastafarian and knowing where to find marijuana, "well before" he issued the warning ticket, would lead a reasonable person to believe the detention continued beyond issuance of the ticket and return of defendant's papers. (Def.'s Obj. at 5.) Defendant cites no authority for this proposition, and it is belied by his actual conduct, including the discussion of immediate travel plans, with defendant asking for the location of a rest stop and for directions to Myrtle Beach. See Lattimore, 87 F.3d at

4

651 (noting the officer and the defendant "engaged in friendly conversation throughout the encounter"). Even if the alleged comments were made, the totality of the circumstances subsequent to the comments would lead a reasonable person to believe the detention had ended. See, e.g., United States v. Sullivan, 138 F.3d 126, 131 (4th Cir. 1998) ("When the [traffic] stop is over and its purpose served, however, mere questioning by officers, without some indicated restraint, does not amount . . . to . . . a seizure under the Fourth Amendment.").

Nor is this conclusion altered by the fact that DiGiovanni did not explicitly inform defendant he was free to go, or that the Bostick encounter occurred while defendant was seated in the front seat of an unlocked patrol vehicle. See id. at 133 (holding fact that officer did not inform the defendant that he was free to go was "alone not dispositive"); Lattimore, 87 F.3d at 649 (noting encounter occurred while the defendant was seated in the patrol vehicle); United States v. Rusher, 966 F.2d 868, 872 (4th Cir.), *cert. denied*, 506 U.S. 926 (1992) (same). Furthermore, defendant does not object to the magistrate judge's finding that, assuming the lawfulness of the Bostick encounter, defendant voluntarily gave express verbal consent to search the vehicle.

The magistrate judge found, as an alternative justification for DiGiovanni's actions subsequent to conclusion of the traffic stop, that reasonable suspicion supported continued detention during the canine search (M&R at 16-18), and that after the canine alerted to the presence of contraband, probable cause supported the hands-on search of the vehicle (id. at 18-20). See Illinois v. Caballes, 543 U.S. 405, 409 (2005); United States v. Foreman, 369 F.3d 776, 782 (4th Cir. 2004) (reasonable suspicion required to detain individual for canine sniff of property).

Defendant summarily objects to the magistrate judge's finding of reasonable suspicion on the ground that "[a]ll of the factors that Trooper DiGiovanni claimed gave rise to reasonable

5

suspicion of criminal activity occurred before he issued the traffic warning and gave the driver's license back to [defendant]." (Def.'s Obj. at 6.) The Fourth Circuit has specifically rejected the reasoning put forward by defendant. See Foreman, 369 F.3d at 783 (finding no authority "suggesting that the return of [a driver's] documentation negates an officer's objectively reasonable suspicions developed during a traffic stop"). Additionally, the court notes the Fourth Circuit recently took judicial notice of the fact that Interstate 95 is "a major thoroughfare for narcotics trafficking," and other cases from the court of appeals and district courts have long recognized this fact in reasonable suspicion analyses. United States v. Newland, 2007 WL 1655558, *7 (4th Cir. June 6, 2007).

## CONCLUSION

After careful review of the record, including *de novo* review of the portions of the M&R to which objections were filed, the court hereby ADOPTS the findings and recommendation of Magistrate Judge Gates (DE # 28) as its own, and for the reasons stated in the M&R, defendant's motion to suppress (DE # 18) is DENIED.

SO ORDERED, this the 26 day of June, 2007.

LOUISE W. FLANAGAN
Chief United States District Judge