IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:06-CR-313-FL-1
5:11-CV-97-FL

| | | |
|---|---|---|
| HOPETON FRANK GOODEN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | ORDER |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter comes before the court on petitioner's *pro se* motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (DE # 98) and respondent's motion to dismiss (DE # 105). Petitioner responded in opposition. The court has cause now to turn back the clock and start the decisional process again, upon notice herein given to petitioner.

BACKGROUND

Pursuant to 28 U.S.C. § 636(b)(1), United States Magistrate Judge William A. Webb entered a memorandum and recommendation ("M&R") wherein he recommends that the court grant respondent's motion to dismiss, and deny petitioner's motion to vacate. Petitioner filed objections to which the government did not respond. In the present case, the magistrate judge considered the affidavit of Joseph L. Ross ("Ross affidavit"), petitioner's counsel. (See M&R 7-10.) Petitioner's response acknowledges the affidavit, but does not object to the magistrate judge's consideration of it.

BACKGROUND

Consideration of affidavits or other materials submitted by a party on a motion to dismiss a § 2255 petition ordinarily converts the court's ruling into one on summary judgment. See United States v. Nicholson, 475 F.3d 241, 248 (4th Cir. 2007). In Nicholson, the Fourth Circuit reversed the district court's judgment for the government in a § 2255 case because there were disputed issues of fact, the district court failed to conduct an evidentiary hearing, and the district court considered additional materials submitted by the parties in consideration of a motion to dismiss. Id. at 248, 252. "Because the district court denied relief without a hearing, it was not able to make findings of fact on disputed factual issues. Although the court did not characterize its disposition of this matter as either a dismissal or an award of summary judgment (but simply as a denial of § 2255 relief), it did weigh and consider the affidavits and other materials submitted by the parties. Thus, its ruling was in the nature of a summary judgment award to the Government." Id. at 248.

Because the magistrate judge weighed and considered the Ross affidavit, the undersigned, with benefit of the Fourth Circuit's decision in that case referred to above, presenting a similar set of circumstances, considers the government's motion as one which proceeded before the magistrate judge on summary judgment. Accordingly, *pro se* petitioner must be given heightened opportunity to lodge response in recognition of the procedural posture of the case. In accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court provides notice to petitioner that a motion for summary judgment has been filed by the government, and that he must consult Rule 56 of the Federal Rules of Civil Procedure to be guided in responding to the government's motion.

In light of Fourth Circuit precedent, the procedural posture of this case, and where Rule 56 recently was amended, the court finds it more efficient to notice petitioner herein of specific

2

operation of the rule, than to direct the clerk so to do. Rule 56(a) provides that the court shall grant summary judgment if the moving party shows that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Rule 56(c) provides that a party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations, admissions, interrogatory answers, or other materials. Fed. R. Civ. P. 56(c)(1)(A). Alternatively, a party asserting that a fact cannot be or is genuinely disputed must support the assertion by showing that the materials cited do not establish the absence or presence or a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1)(B).

An affidavit or declaration used to support or oppose a summary judgment motion must be made on personal knowledge, set out in facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated. Fed. R. Civ. P. 56(c)(4). Affidavits or declarations submitted in bad faith or solely for delay may result in the payment of reasonable expense by the offending party. An offending party may also be held in contempt or subject to other appropriate sanctions. Fed. R. Civ. P. 56(h). If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may defer considering the motion or deny it, allow time to obtain affidavits or declarations or to take discovery, or issue other appropriate order. Fed. R. Civ. P. 56(d).

A knowing assertion of a falsehood in order to escape summary judgment, if proven, constitutes perjury punishable by law. All facts, affidavits, or declarations to be considered by the court must be sworn before a notary or contain the following statement: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date)."

If a party fails to properly support or address an assertion of fact, the court may give opportunity for that party to properly support or address the fact, consider the fact undisputed for purposes of the motion, or grant summary judgment if the motion and supporting materials, including the facts considered undisputed, show that the movant is entitled to summary judgment. Fed. R. Civ. P. 56(e).

Notice herein having been given, that petitioner is confronted with the possibility of summary disposition of his case and where this court has alerted him with reference to Rule 56 of the Federal Rules of Civil Procedure now to his responsibility, in accordance with Local Civil Rule 7.1(e)(1), EDNC, plaintiff must file his response to the government's motion within **twenty-one (21) days from the entry of this order.** Thereafter, the court may grant summary judgment for a nonmovant, grant the motion on grounds not raised by the moving party, or consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute. Fed. R. Civ. P. 56(f).

The court finds cause now to set aside the M&R entered July 8, 2011, and to recommit this matter upon expiration of the period herein set for petitioner's response to the magistrate judge, who shall conduct pursuant to 28 U.S.C. § 636(b)(1) evidentiary hearing as necessary after petitioner has had chance to respond to the instant motion in accordance with notice herein provided of the requirements of the summary judgment rule. Thereafter, the magistrate judge shall make his M&R, which will take the place of that one previously noted, which M&R now is discontinued on the docket.

## CONCLUSION

In accordance with the foregoing, petitioner must file his response to the government's motion within **twenty-one (21) days of entry of this order**. Thereafter the clerk of court will refer

4

the case to the magistrate judge in accordance with this order.

SO ORDERED, this the 1st day of November, 2011.

_____
LOUISE W. FLANAGAN
United States District Court Judge