IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:06-CR-313-FL-1
5:11-CV-97-FL

| | |
|---|---|
| HOPETON FRANK GOODEN, ) | |
| ) | |
| Petitioner, ) | |
| ) | ORDER |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This matter comes before the court on petitioner's *pro se* motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (DE 98) and respondent's motion to dismiss (DE 105), which, by order of this court, will be treated as a motion for summary judgment. Pursuant to 28 U.S.C. § 636(b)(1), United States Magistrate Judge William A. Webb entered a memorandum and recommendation ("M&R") wherein it is recommended that the court grant respondent's motion for summary judgment, and deny petitioner's motion to vacate. Also before the court is petitioner's motion for permission to submit supplemental argument (DE 122). For the reasons that follow, the court grants the motion to supplement and adopts the findings and recommendation of the magistrate judge.

**BACKGROUND**

Petitioner was indicted and ultimately convicted by a jury of three charges: (1) unlawful alien in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(5), 924(e)(1); (2) possession of marijuana with intent to distribute in violation of 21 U.S.C. § 841(a)(1), 21 U.S.C. § 841(b)(1); and

(3) felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(e)(1). Petitioner was sentenced under the provisions of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), and was sentenced to a term of imprisonment of 327 months. The Fourth Circuit affirmed the judgment, and the United States Supreme Court denied petitioner's petition for writ of certiorari.

Proceeding *pro se*, petitioner filed his § 2255 petition on February 28, 2011. The government moved to dismiss petitioner's § 2255 motion. Petitioner responded in opposition and requested an evidentiary hearing. On July 8, 2011, the magistrate judge entered M&R recommending that the court grant respondent's motion to dismiss, and deny petitioner's motion to vacate. On November 1, 2011, as the government attached several exhibits to its motion, this court noticed by order as to the possibility of summary judgment disposition of the case in accordance with Rule 56 of the Federal Rules of Civil Procedure and Local Rule 7.1. Following the parties' responses, new M&R was issued on February 9, 2012, recommending that respondent be granted summary judgment and that respondent's motion to vacate be denied. Petitioner has filed an objection to the M&R to which the government has not responded. Petitioner also filed on December 12, 2012, a motion for permission to submit supplemental argument regarding his motion to vacate.

**DISCUSSION**

The district court reviews *de novo* those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." <u>Orpiano v. Johnson</u>, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for

2

"clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The relevant facts are set forth in detail in the M&R. The magistrate judge thoroughly addressed all four of the grounds upon which petitioner based his motion to vacate, noting first that in a § 2255 action, the burden is on the prisoner to establish by a preponderance of the evidence that: (1) his sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. See Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958); 28 U.S.C. § 2255(a).

The majority of petitioner's claims relate to alleged ineffective assistance of counsel. To state a claim for ineffective assistance of counsel, a petitioner must satisfy a two-pronged test. Strickland v. Washington, 466 U.S. 668, 686-87 (1984). First, petitioner must show that the representation he received fell below an objective standard of reasonableness. Id. at 688. The court is very deferential to counsel's performance. Id. at 689. Secondly, petitioner must show that he was prejudiced by the ineffective assistance to the extent that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. Bell v. Jarvis, 236 F.3d 149, 164 (4th Cir. 2000). As set forth in detail in the M&R, petitioner's claims fail both prongs of the ineffective assistance of counsel test. In particular, petitioner cannot show that with regard to a short delay between his federal arrest and indictment, the failure to present certain evidence in support of a motion to suppress, or the failure to have a videotape scientifically tested,

3

that counsel's conduct fell below the objective standard of reasonableness or that counsel's alleged deficiencies prejudiced petitioner in any way.

Additionally, the magistrate judge found petitioner's other claims, including alleged error due to the trial court's application of an enhancement under 18 U.S.C. § 924(c), his attorney's failure to appeal the exclusion of expert testimony regarding the Santeria religion, and his attorney's failure to pursue a Brady issue on appeal, were without merit. The court agrees. Again, petitioner's claims relate to ineffective assistance of counsel, albeit on appeal, and as the magistrate judge noted, the standard for effective assistance of appellate counsel is the same as for trial counsel. Bell, 236 F.3d at 164. Petitioner has not met the two prong test for ineffective assistance of counsel as to these claims. Additionally, to the extent petitioner claims that the trial court improperly found that a two-level enhancement under 18 U.S.C. § 924(c) was warranted, that claim is without basis since the jury rejected petitioner's version of the events by finding him guilty of knowingly possessing firearms. Accordingly, the court agrees with the magistrate judge that petitioner's motion to vacate should be denied, and respondent's should be granted summary judgment.

Petitioner's lengthy objection[1] repeats much of the details contained in his original motion and responses already before the court concerning his trial and appeal, but it does not remedy the deficiencies noted in the M&R. Upon *de novo* review, the court finds that such objection provides no basis to disturb the thoughtful analysis contained in the M&R. The court, therefore, adopts the magistrate judge's analysis as its own.

---

[1] The court treats petitioner's late filed motion for permission to submit supplemental argument in support of ground one (iv) of 28 U.S.C. § 2255 motion (DE 122) as part of petitioner's objection in recognition of the leniency afforded *pro se* litigants. Therefore, petitioner's motion is granted.

## CONCLUSION

Upon *de novo* review of those portions of the magistrate judge's M&R to which a specific objection has been filed, and upon considered reviewed of those portions of the M&R to which no such objection has been made, the court ADOPTS the findings and recommendations of the magistrate judge in full (DE 119). Petitioner's motion to vacate is DENIED (DE 98), and respondent's motion to dismiss, construed as a motion for summary judgment, is GRANTED (DE 105). Petitioner's motion for permission to submit supplemental argument is GRANTED (DE 122), in accordance with this order.

SO ORDERED, this the 20th day of August, 2013.

*/s/ Louise W. Flanagan*

LOUISE W. FLANAGAN
United States District Judge