IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:06-CR-313-1-FL
NO. 5:11-CV-97-FL

| | |
|---|---|
| HOPETON FRANK GOODEN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| ) | ORDER |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, | |
| | |
| Respondent. | |

This matter comes before the court on defendant's motion for reconsideration, filed September 20, 2013 pursuant to Federal Rule of Civil Procedure 59(e) (DE 125). The government has responded. For the reasons discussed below, the court denies petitioner's motion.

## BACKGROUND

On November 15, 2007, a jury convicted petitioner of being an illegal alien in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(5) and 924 (Count One); possession with intent to distribute a quantity of marijuana, in violation of 21 U.S.C. § 841(a)(1) (Count Two); and possession of a firearm after having been convicted of a felony offense, in violation of 18 U.S.C. §§ 922(g)(1) and 924 (Count Three). Petitioner was classified as having at least three previous convictions for violent felonies under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). The court sentenced petitioner to a term of imprisonment of three hundred and twenty seven (327) months. Petitioner appealed, arguing that his prior convictions for conspiracy to commit armed bank robbery

and for criminal possession of a weapon should not be considered violent felonies under 18 U.S.C. § 924(e)(2)(B) following the Supreme Court's decision in United States v. Begay, 553 U.S. 137 (2008). (DE 76). The court of appeals rejected this argument and affirmed his conviction. United States v. Gooden, No. 08-4450 (Aug. 14, 2009); (DE 92).

On February 28, 2011, petitioner filed a motion to vacate under 28 U.S.C. § 2255, asserting claims of ineffective assistance of counsel, denial of due process and fair trial, and prosecutorial misconduct. Petitioner also challenged his classification as an armed career criminal. United States Magistrate Judge William A. Webb issued a Memorandum and Recommendation ("M&R") recommending the court deny petitioner's motion, (DE 119), and this court adopted the M&R over petitioner's objections on August 20, 2013 ("August 2013 Order").

**DISCUSSION**

A.      Rule 59(e) Motions

Rule 59(e) permits a court to alter or amend a judgment. See Fed. R. Civ. P. 59(e). The decision is within the sound discretion of the district court. See Bogart v. Chapell, 396 F.3d 548, 555 (4th Cir.2005); Hughes v. Bedsole, 48 F.3d 1376, 1382 (4th Cir.1995). The Fourth Circuit has recognized three reasons for granting a motion to alter or amend a judgment under Rule 59(e): (1) to accommodate an intervening change in controlling law; (2) to account for the availability of new evidence not previously available; or (3) to correct a clear error of law or prevent manifest injustice. Bogart, 396 F.3d at 555. However, Rule 59(e) motions may not "raise arguments which could have been raised prior to the issuance of the judgment," or "argue a case under a novel legal theory that the party had the ability to address in the first instance." Pacific Ins. Co. v. Am. Nat. Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). "In general reconsideration of a judgment after its entry is an

2

extraordinary remedy which should be used sparingly." Id. (internal punctuation omitted).

B.   Intervening Change in Controlling Law

Petitioner offers three recent Supreme Court cases to argue an intervening change in law: Descamps v. United States, 133 S. Ct. 2276 (June 20, 2013), Alleyne v. United States, 133 S. Ct. 2151 (June 17, 2013), and Moncrieffe v. Holder, 133 S. Ct. 1678 (April 23, 2013). However, each of these Supreme Court opinions preceded the court's August 2013 Order. These cases thus do not represent an intervening change.

Even had the Supreme Court rendered these decisions subsequent to the court's decision, none have changed the applicable controlling law. Descamps addressed the methods that courts can use to assess the violent nature of a defendant's prior conviction for sentencing enhancement purposes under the ACCA. The issue in Descamps involved whether a court could look to a limited range of documents, such as indictments or plea agreements, to assess the violent nature of a defendant's prior conviction under an "indivisible" criminal statute–one that does not set out elements of a crime in the alternative, but which criminalizes a broader swath of conduct than the relevant generic offense. The Court held that it could not. Id.; see also United States v. Royal, 731 F.3d 333, 341 (4th Cir. 2013) (summarizing Supreme Court's ruling).

This case does not involve use of the modified categorical approach for an indivisible statute. Petitioner's prior convictions for conspiracy to commit armed bank robbery and second-degree criminal possession qualify as violent felonies under the categorical approach. In its decision denying petitioner's appeal, the Fourth Circuit found that his prior conspiracy conviction was similar to the North Carolina offense of conspiracy to commit robbery with a dangerous weapon, (DE 92, p. 3), which it had recently held to be a violent felony as a categorical matter. See United States v.

3

White, 571 F.3d 365 (4th Cir. 2009). The Circuit also found that the very language of the criminal possession statute "requires the type of purposeful, violent, and aggressive conduct" that the ACCA targeted. Accordingly, petitioner's convictions are categorically "violent felonies" and Descamps offers no relief.

Petitioner attempts to use the Supreme Court's Alleyne decision on two grounds for reconsideration. Alleyne held that any fact that increases the "mandatory minimum" is an "element" of a crime that must be submitted to a jury. Petitioner argues that this ruling requires that his three prior convictions should have been included in the indictment and proved beyond a reasonable doubt. However, Alleyne refused to revisit the Court's earlier ruling that the fact of a prior conviction is an *exception* to the general rule requiring a jury to find facts that increase the rage of penalties to which a criminal is exposed. Alleyne, 133 S.Ct. at 2160 and n. 1. Alleyne has not changed the law applicable to petitioner's indictment and conviction.

Second, petitioner argues that Alleyne required the indictment to specify the quantity of drugs he was found to possess and the applicable penalty under 21 U.S.C. § 841. He notes that § 841(b)(1)(D) prescribes a five year sentence for possession with intent to distribute under fifty (50) kilograms of marijuana, while § 841(b)(4) prescribes a one year maximum penalty for possession and distribution of "a small amount of marijuana for no remuneration." 21 U.S.C. §§ 841(b)(1)(D); 841(b)(4). Those provisions, however, concern the statutory maximum penalty for petitioner's crime, not the mandatory minimum. The law requiring juries to find facts related to the statutory maximum was established in Apprendi v. New Jersey, 120 S.Ct. 2348 (2000), well before petitioner's conviction. Thus, no intervening change in law has occurred. To the extent petitioner now argues that Apprendi required the indictment to specify drug quantity and the penalty, he raises

4

a new argument that could have been raised in his § 2255 motion. This is not an appropriate basis for reconsideration. Pacific Ins. Co., 148 F.3d at 403; White v. United States, No. 4:06-CR-068-FL-1, 2013 WL 97414, at *3 (E.D.N.C. Jan. 8, 2013) ("[P]etitioner did not present this argument in his § 2255 motion and may not employ a Rule 59(e) motion to raise it in the first instance.").

Furthermore, the Fourth Circuit has held that, in applying the principles of Apprendi to the § 841, § 841(b)(1)(D) sets the "baseline" statutory maximum of a controlled substance offense while § 841(b)(4) is a "mitigating exception" which the government need not negate in its case, but which the defendant may show. United States v. Hamlin, 319 F.3d 666, 670-671 (4th Cir. 2003); see United States v. Outen, 286 F.3d 622, 636-639 (2nd Cir. 2002) (because the absence of remuneration under § 841(b)(4) does not increase the penalty for a crime beyond the prescribed statutory maximum, it need not be treated as an offense element.).

Finally, petitioner argues that the Supreme Court's decision in Moncrieffe required the jury to make findings of fact regarding the amount of drugs and whether possession involved remuneration. However, Moncrieffe concerned whether a state criminal conviction qualified as an aggravated felony for deportation under the Immigration and Nationality Act, 8 U.S.C. § 1101 *et seq*. Moncrieffe, 133 S.Ct. at 1682. The Supreme Court expressly distinguished the case from federal prosecutions under § 841. Id. at 1687-89. Thus, Moncrieffe does not apply. No intervening change in law has occurred.

B.   Additional Arguments

Petitioner agues that the court previously failed to address various aspects of his arguments. However, the record shows that his arguments were considered and rejected. First, he claims that the court did not fully respond to his claim of delay between his arrest and indictment, by failing to

5

address testimony by Special Agent Stephen Babits of the Bureau of Alcohol, Tobacco, Firearms and Explosives that Agent Babits had performed the arrest. However, the court addressed this claim by noting that the seizure report by the North Carolina State Highway Patrol confirmed petitioner's arrest by Trooper Anthony DiGiovanni. (DE 119, p. 7, n. 2; adopted by court in DE 123, pp. 3-4). Furthermore, the court found that even if petitioner had shown that Agent Babits performed the arrest, petitioner had failed to demonstrate prejudice arising from the delay. (DE 119, p. 7; adopted by the court in DE 123, pp. 3-4). The court, meanwhile, affirmed that petitioner's claims for ineffective counsel on this matter fell did not satisfy the Strickand test for ineffective counsel. (DE 123, at pp. 3-4); Strickland v. Washington, 466 U.S. 668, 686-87 (1984).

Second, petitioner argues that his counsel was ineffective for failing to solicit testimony from Trooper S.T. Eller at a suppression hearing, arguing that his attorney did not specifically state that anyone interviewed Trooper Eller. However, petitioner's attorney provided affidavit testimony that "[n]one of the people involved in the stop, except for Mr. Gooden, said that the passenger's door was locked." (DE 106-1). This statement implies that the attorney interviewed all people, including Trooper Eller. Moreover, petitioner raised this issue in his objections to the M&R, and the court rejected the argument in adopting the M&R and denying his ineffective assistance claim on this ground. (DE 123 at p. 4). He offers nothing new deserving of reconsideration.

Third, petitioner argues that the court misapprehended his claim that videotape evidence should have been subjected to "scientific testing." The original video was submitted to Larry Wolfe of Wolfe Audio-Visual Productions, who analyzed the tape and found no evidence of alterations. (DE 106-1, Exhibits A, B). It is unclear what petitioner means in distinguishing "scientific testing" from the review that Wolfe performed, but at any rate the failure to obtain this testing did not fall

6

below an objective standard of reasonableness to constitute ineffective assistance of counsel. Strickland, at 688.

Fourth, petitioner argues that the court improperly applied a two-level sentencing enhancement for obstruction of justice under 18 U.S.C. 924(c) without addressing the elements of perjury with separate, clear findings. However, the presentence report specifically identified those statements of petitioners that were false, which the court adopted when it referenced the report and noted that the enhancement was based on petitioner's trial testimony. (DE 131, p. 13). Petitioner's counsel failed to object to the sentencing enhancement at the sentencing hearing. To the extent petitioner argues that counsel was ineffective in failing to object, this failure again did not fall below an objective standard of reasonableness. As the court has explained, the jury necessarily found petitioner's testimony untruthful when it found him guilty of knowingly possessing firearms. (DE 123, p. 4). It was not unreasonable for counsel to fail to object.

Fifth, petitioner argues that his counsel was ineffective for failing to present expert testimony. The court already rejected this argument, (DE 123, p. 4), and he offers nothing new to support it.

Sixth, petitioner argues that the court failed to address his argument that he himself should have been allowed to testify at trial about Santeria practices. The court, however, implicitly rejected this argument in noting that the testimony regarding Santeria, when offered to show a lack of volitional control, was precluded by the Insanity Defense Reform Act, 18 U.S.C. § 17, and United States v. Worrell, 313 F.3d 867 (4th Cir. 2002). (DE 119, p. 14; adopted in DE 123, pp. 3-4). Furthermore, as the court has noted, defendant was permitted to testify about Santeria as it related to his former girlfriend, which was the ground on which such testimony became relevant to his

7

defense. (DE 199, p. 15; adopted in DE 123, p. 4). Defendant's argument has been considered and rejected, and he offers nothing new on reconsideration.

Seventh, petitioner argues that the government withheld requested material impeachment evidence in its possession. As he notes, this argument was previously considered by the court. He offers nothing new here.

Finally, petitioner argues that the court failed to address additional grounds raised in his supplemental argument filed following the M&R, which related to ineffective assistance of appellate counsel based on counsel's advice to accept the M&R findings. However, the August 2013 Order expressly found that petitioner had not met the two-prong Strickland standard to show ineffective assistance of his appellate counsel, a ruling which necessarily entailed rejection of petitioner's supplemental arguments. (DE 123). Petitioner's motion offers nothing more than conclusory arguments that the court should have ruled differently. This does not merit reconsideration. White v. United States, No. 4:06-CR-068-FL, 2013 WL 97414, at *1 (E.D.N.C. Jan. 8, 2013) ("[I]t is not the province of a Rule 59(e) motion to simply relitigate matters already decided.").

Petitioner makes no argument regarding the availability of new evidence. He has not shown any intervening change in law. He has not shown a clear error of law or manifest injustice. Accordingly, his motion for reconsideration is denied.

C.  Certificate of Appealability

The court has not previously ruled whether a certificate of appealability is warranted for the order dismissing petitioner's § 2255 application. A § 2255 applicant "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). A certificate of appealability may issue only upon a "substantial

8

showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir.2001) (quoting Slack, 529 U.S. at 484).

After reviewing the claims presented in the habeas petition and petitioner's motion for reconsideration in light of the applicable standard, the court concludes that reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong and that none of the issues presented by petitioner are adequate to deserve encouragement to proceed further. In adition, a certificate of appealability on the court's August 2013 order is denied.

## CONCLUSION

Based on the foregoing, petitioner's motion to reconsider is DENIED.

SO ORDERED, this the 3rd day of February, 2014.

_____
LOUISE W. FLANAGAN
United States District Judge

9