IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:06-CR-313-1-FL
NO. 5:11-CV-97-FL

| | |
|---|---|
| HOPETON FRANK GOODEN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| ) | ORDER |
| v. ) | |
| ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This matter comes before the court on petitioner's motions for relief pursuant to Federal Rule of Civil Procedure 60(b) (DE 139), motion to amend the record pursuant to Federal Rule of Civil Procedure 15(c)(1)(B), and accompanying motion for the production of original video tape evidence (DE 142). For the reasons discussed below, the court denies petitioner's motions.

**BACKGROUND**

Petitioner was indicted on December 13, 2006, on charges of being an illegal alien in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(5) and 924 (Count One); possession with intent to distribute a quantity of marijuana, in violation of 21 U.S.C. § 841(a)(1) (Count Two); possession of a firearm after having been convicted of a felony offense, in violation of 18 U.S.C. §§ 922(g)(1) and 924 (Count Three); and illegal reentry into the United States, in violation of 8 U.S.C. § 1326 (Count Four). Prior to trial, petitioner filed a motion to suppress, which challenged, in part, the accuracy of the police videotape of the traffic stop that led to his arrest. The court denied

petitioner's motion on June 27, 2007 ("June 2007 Order") (DE 34). Ultimately, a jury convicted petitioner of Counts One, Two and Three.[1] Petitioner was classified as an armed career criminal under 18 U.S.C. § 924(e) and was sentenced to a term of imprisonment of 327 months.

Petitioner appealed, arguing that his prior convictions for conspiracy to commit armed bank robbery and for criminal possession of a weapon should not be considered violent felonies under 18 U.S.C. § 924(e)(2)(B) following the Supreme Court's decision in United States v. Begay, 553 U.S. 137 (2008). (DE 76). The court of appeals rejected this argument and affirmed his conviction. United States v. Gooden, No. 08-4450 (Aug. 14, 2009) (DE 92).

Petitioner subsequently filed a motion to vacate under 28 U.S.C. § 2255, asserting claims of ineffective assistance of counsel, denial of due process and fair trial, and prosecutorial misconduct. Petitioner also challenged his classification as an armed career criminal. United States Magistrate Judge William A. Webb issued a Memorandum and Recommendation ("M&R") recommending the court deny petitioner's motion, (DE 119), and the court adopted the M&R over petitioner's objections on August 20, 2013 ("August 2013 Order") (DE 123).

Following the August 2013 Order, petitioner filed motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e), asserting an intervening change in controlling law and arguing that the court had failed to address various aspects of his arguments. On February 3, 2014, the court denied the motion for reconsideration ("February 2014 Order") (DE 132). The court of appeals dismissed plaintiff's appeal of the February 2014 Order.

Following the court of appeals denial, on August 19, 2014, petitioner filed the instant Rule 60(b) motion. He subsequently filed the motion to amend and motion for production of original

---

[1] The court granted a consent motion to dismiss Count Four on November 13, 2007.

2

videotape evidence on October 28, 2014.

## DISCUSSION

Rule 60(b) authorizes the court to "relieve a party . . . from final judgment, order, or proceeding" under certain circumstances. Under Rule 60(b), a movant first must demonstrate that the movant acted promptly, that the movant has a meritorious claim or defense, and that the opposing party will not suffer prejudice by having the judgment set aside. See Nat'l Credit Union Admin. Bd. v. Gray, 1 F.3d 262, 264 (4th Cir.1993); Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808, 811 (4th Cir.1988) (per curiam). If those three threshold conditions are met, the court then must determine whether the movant has satisfied "one of the six enumerated grounds for relief under Rule 60(b)." Nat'l Credit Union Admin. Bd., 1 F.3d at 266. Rule 60(b)'s six enumerated grounds for relief include: 1) mistake, inadvertence, surprise, or excusable neglect; 2) newly discovered evidence; 3) fraud, misrepresentation, or misconduct by an opposing party; 4) a void judgment; 5) satisfaction, release, or discharge of a judgment; or 6) any other reason justifying relief. Fed.R.Civ.P. 60(b).

Plaintiff fails to meet the threshold requirement of demonstrating a meritorious claim or defense. Plaintiff's motion rests on two grounds: 1) that his attorney, Joseph Ross, committed fraud in the § 2255 proceeding when Ross alleged that he had arranged for the traffic stop video tape to be tested for alterations, and 2) that the M&R included a mistake in characterizing the review of the video tape. As an initial matter, both grounds alleged in plaintiff's motion are thinly-veiled attempts to re-litigate the issue of whether counsel was ineffective in his investigation of the authenticity of the video tape evidence. Rule 60 does not authorize such attempts to re-litigate issues already decided by the court. See CNF Constructors, Inc. v. Donohoe Constr. Co., 57 F.3d 395, 401 (4th

Cir. 1995) (per curiam) (quoting United States v. Williams, 674 F.2d 310, 313 (4th Cir. 1982)); Saunders v. City of Petersburg Police Dep't., 158 F. App'x 491, 491 (4th Cir. Dec. 28, 2005) (per curiam) (stating "Rule 60(b) may not be used to re-litigate claims already decided by the court").

Moreover, there is no merit to petitioner's arguments. Concerning petitioner's assertion of fraud, Ross alleged in an affidavit that "I did have the video tested for alteration. The original video tape was submitted to Larry Wolfe of Wolfe Audio Visual Productions." (DE 106-1, p. 2). Petitioner asserts this statement to be fraudulent because Wolfe provided a separate letter stating "I was asked to review a videotape of a traffic stop by what I believe to be the office of Jason Cowley [the Assistant U.S. Attorney who prosecuted petitioner's case.]" (DE 106-1, Exh. A). However, it is clear from the letter that Wolfe was uncertain as to who made the request that he review the video tape. Furthermore, a separate letter written to petitioner by Thomas McNamara, the Federal Public Defender, explains that the video tape "was delivered to Wolfe by the case agent, who could not, by law, allow the tape to otherwise leave his custody." (106-1, Exh. B). The evidence thus tends to show that, while Wolfe may have believed he was reviewing the video tape at the request of the U.S. Attorney's Office, the review was conducted at Ross's request, even though the video tape was delivered by the case agent.

Nor is there merit to the second ground of petitioner's motion, regarding the M&R's characterization of the video tape review. Petitioner asserts that the M&R mistakenly stated that Wolfe "analyzed the video 'frame by frame,'" (Pet'r's Mot., 4) (DE 139) (quoting M&R, 11), when in fact Wolfe did not state that he conducted such a "frame by frame" analysis. Rather, Wolfe's letter stated

> I reviewed the tape for approximately 45+ minutes which was about the actual running length of the segment in question, examining a number of parameters

4

inherent with VHS tape and the method of recording. After that initial review and without an "indepth" evaluation, it is my conclusion that the video recorded on that tape was not altered in any way.

(DE 106-1, Exh. A).[2]

Assuming, without deciding, that it was improper to characterize Wolfe's work as a "frame by frame" analysis, any error is harmless.

> [N]o error in admitting or excluding evidence–or any other error by the court or a party–is ground for granting a new trial, for setting aside a verdict, or for vacating, modifying, or otherwise disturbing a judgment or order. At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights.

Fed. R. Civ. P. 61.

Ross ensured that the video tape was tested for alterations, and no such alterations were found. Moreover, the court itself reviewed the video tape in the June 2007 Order on petitioner's motion to suppress, and concluded that the video tape was a complete and accurate record of the interaction.

It bears reiterating here that petitioner's Rule 60(b) motion seeks relief from orders denying petitioner's motion to vacate on the ground of ineffective assistance of counsel. In such cases, the court is very deferential to counsel's performance. See Strickland v. Washington, 466 U.S. 668, 686-87 (1984). It was not necessary for Ross to assure that Wolf conducted a "frame by frame" analysis to meet this deferential standard. Thus, even if it was error to reference the analysis as "frame by frame," this characterization did not affect petitioner's substantial rights and there is no ground to disturb the court's previous orders denying his motion to vacate. See Fed. R. Civ. P. 61.

---

[2] It appears the M&R's reference to a "frame by frame" analysis was drawn from McNamara's letter, which stated that Wolfe "analyzed the tape frame by frame and did not detect any alteration or tampering of the tape" (DE 106-1, Exh. B).

5

Finally, to the extent petitioner's motion attacks his underlying conviction, the court construes his motion as a second or successive petition to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Such a petition may not be brought prior to receiving certification from the United States Court of Appeals for the Fourth Circuit that the new petition contains either newly discovered evidence or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255; see United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003). Plaintiff presents no such certification. Accordingly, to the extent plaintiff brings a section 2255 claim, it must be dismissed.

Likewise, petitioner's motion to amend the record and accompanying motion for production of original video tape evidence attempt to supplement the record with evidence related to his criminal conviction. "Proffers of additional evidence will usually signify that the prisoner is not seeking relief available under Rule 60(b) but is instead continuing his collateral attack on his conviction or sentence." Winestock, 340 F.3d at 207. Without certification, these motions must be denied as well.

## CONCLUSION

Based on the foregoing, petitioner's motions for relief (DE 139), and to amend the record and produce video tape evidence (DE 142) are DENIED.

SO ORDERED, this the 29th day of January, 2015.

_____
LOUISE W. FLANAGAN
United States District Judge