IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:06-CR-313-FL
No. 5:16-CV-309-FL

| | |
|---|---|
| HOPETON FRANK GOODEN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This matter is before the court on petitioner's second or successive motion to vacate, set aside, or correct sentence, made pursuant to 28 U.S.C. § 2255 (DE 148), wherein he asserts a claim pursuant to Johnson v. United States, __ U.S. __, 135 S. Ct. 2551 (2015). The government has responded to petitioner's second or successive motion to vacate, waiving procedural defenses and agreeing that petitioner should be resentenced in light of Johnson. (DE 153). For the reasons that follow, the court grants petitioner's second or successive motion to vacate.

**BACKGROUND**

On December 13, 2006, petitioner, under the alias Michael Frank Burke, was named in a two count indictment, charging him with being an illegal alien in possession of a firearm, in violation of 18 U.S.C. § 922(g)(5) and § 924; and possession of marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). On February 14, 2007, petitioner was named in a four count superseding indictment, which charged him with being an illegal alien in possession of a firearm, in violation of 18 U.S.C. § 922(g)(5) and § 924 ("Count One"); possession of marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) ("Count Two"); being a convicted felon in

possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) and § 924 ("Count Three"); and illegal reentry, in violation of 8 U.S.C. § 1326 ("Count Four").

The superseding indictment also alleged that petitioner had at least three previous convictions for "violent felonies," which would subject petitioner to the enhanced penalties of the Armed Career Criminal Act (the "ACCA"). 18 U.S.C. § 924(e). Those prior convictions included: robbery in the third degree, in violation of New York Penal Law § 160.05; conspiracy to commit armed bank robbery, in violation of 18 U.S.C. §§ 371 and 2113; and two convictions for reckless endangerment in the first degree, in violation of New York Penal Law § 120.25.

On November 13, 2007, the government dismissed Count Four of the indictment. Two days later, on November 15, 2007, petitioner was found guilty by a jury of all remaining Counts. On April 15, 2008, the court sentenced petitioner to 327 months imprisonment on each of Count One and Count Three, as well as 60 months on Count Two, all to be served concurrently. In fashioning petitioner's sentence, the court found that petitioner had at least three prior convictions for "violent felonies" and, accordingly, applied the ACCA. Petitioner appealed his sentence, which was affirmed by the Fourth Circuit.

On February 28, 2011, petitioner filed his first motion to vacate. (DE 98). Petitioner's first motion to vacate was denied initially, Gooden v. United States, 2013 WL 4460501 (E.D.N.C. Aug. 20, 2013), and upon petitioner's motions for reconsideration. Gooden v. United States, 2014 WL 358974 (E.D.N.C. Feb. 3, 2014); see also Gooden v. United States, 2015 WL 413625 (E.D.N.C. Jan. 30, 2015). In the court's order denying petitioner's first motion for reconsideration, the court also denied a certificate of appealability. See 2014 WL 358974, at *5. Nevertheless, petitioner appealed the court's denial of his first motion to vacate to the court of appeals. Petitioner applied for a

certificate of appealability, which application was denied, and his appeal was dismissed. United States v. Gooden, 576 F. App'x 252 (4th Cir. 2014) (Mem.).

Petitioner then petitioned the Supreme Court of the United States for certiorari. On June 26, 2015, while petitioner's petition for a writ of certiorari was pending, the Supreme Court decided Johnson, which held that a portion of the ACCA was unconstitutionally vague. See 135 S. Ct. at 2558. Subsequently, on June 30, 2015, the Court granted petitioner's petition for a writ of certiorari, vacated the judgement of the Fourth Circuit, and remanded petitioner's appeal to that court in light of Johnson. Gooden v. United States, __ U.S. __, 135 S. Ct. 2932 (2015) (Mem.). On remand, the Fourth Circuit again dismissed petitioner's application for a certificate of appealability. United States v. Gooden, __ F. App'x __, 2016 WL 2587346 (4th Cir. 2016) (Mem.).

On April 18, 2016, the Supreme Court decided Welch v. United States, __ U.S. __, 136 S. Ct. 1257 (2016), which held that Johnson applied retroactively on collateral review. Id. at 1265. On May 12, 2016, petitioner filed an application with the court of appeals, made pursuant to 28 U.S.C. § 2244 and § 2255(h), for authorization to file a second or successive motion to vacate. On June 1, 2016, the Fourth Circuit granted petitioner's application to file a second or successive motion to vacate. (DE 149). Same day, petitioner filed the instant second or successive motion to vacate, wherein he requests resentencing in light of Johnson.

On June 15, 2016, the government responded to petitioner's second or successive motion to vacate. The government agrees that petitioner should be resentenced and waives all procedural defenses.

3

## COURT'S DISCUSSION

A.  Standard of Review

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." § 2255(b). "The Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, to the extent that they are not inconsistent with any statutory provisions or the[ ] [§ 2255 Rules], may be applied to" § 2255 proceedings. Rules Governing Section 2255 Proceedings, Rule 12.

B.  Analysis

In certain circumstances, when a criminal defendant is charged with a violation of § 922(g), the ACCA supplants the usual 10-year maximum sentence, imposed pursuant to § 924(a)(2), with a 15-year minimum sentence. § 924(e). To trigger the ACCA's substantial consequences, a criminal defendant must have "three previous convictions by any court . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another." § 924(e)(1). As relevant to petitioner's sentence, a "violent felony" is "any crime punishable by imprisonment for a term exceeding one year" that 1) "has as an element the use, attempted use, or threatened use of physical force against the person of another"; 2) "is burglary, arson, or extortion, [or] involves use of

4

explosives"; or 3) "otherwise involves conduct that presents a serious potential risk of physical injury to another." § 924(e)(2)(B).

In Johnson, the Supreme Court held that the third option listed above, the so-called residual clause, was void for vagueness, where it "produces more unpredictability and arbitrariness than the Due Process Clause tolerates." Johnson, 135 S. Ct. at 2558. The void-for-vagueness doctrine prohibits the government from imposing sanctions "under a criminal law so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement." Id. at 2556. Under that standard, the residual clause is unconstitutionally vague for two reasons. First, the residual clause "leaves grave uncertainty about how to estimate the risk posed by a crime," leaving it to the judiciary to define the "ordinary case" of a particular crime. Id. at 2557. Second, the residual clause leaves "uncertainty about how much risk it takes for a crime to qualify as a violent felony." Id. at 2558. In other words, "[t]he residual clause fail[s] not because it adopt[s] a 'serious potential risk' standard but because applying that standard under the categorical approach require[s] courts to assess the hypothetical risk posed by an abstract generic version of the offense." Welch, 136 S. Ct. at 1262.

In this case the government concedes that at least two of petitioner's prior convictions, those for the New York crime of reckless endangerment in the first degree, no longer constitute "violent felonies" under the ACCA after Johnson. To determine whether petitioner's reckless endangerment in the first degree convictions are "violent felonies," the court approaches the issue categorically and endeavors to determine whether even the most innocent conduct criminalized by the relevant state statute would trigger application of the ACCA. See United States v. White, 571 F.3d 365, 368 (4th Cir. 2009), abrogated on other grounds by Johnson, 135 S. Ct. 2551.

5

Under New York law "[a] person is guilty of reckless endangerment in the first degree when, under circumstance evincing a depraved indifference to human life, he recklessly engages in conduct which creates a grave risk of death to another person." N.Y. Penal Law § 120.25. This definition does not categorically comport with either of the valid definitions of "violent felony."

For one example, reckless endangerment in the first degree categorically does not "ha[ve] as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(I). The "use of physical force" clause applies only where the would-be predicate offense categorically requires deliberate or purposeful conduct; if the offense at issue may be consummated with a less blameworthy state of mind, like recklessness, then it does not fall within the clause's ambit. See United States v. Vinson, 805 F.3d 120, 125 (4th Cir. 2015); Garcia v. Gonzales, 455 F.3d 465, 469 (4th Cir. 2006). Under New York law, the statute criminalizing reckless endangerment in the first degree touches only reckless behavior. United States v. Gray, 535 F.3d 128, 132 (2d Cir. 2008). Thus, a conviction under New York law for reckless endangerment in the first degree does not categorically require the "use of physical force." For another example, reckless endangerment in the first degree categorically is neither burglary, arson, nor extortion; it also does not categorically involve the use of explosives.

In sum, petitioner does not have the three predicate convictions necessary to trigger application of the ACCA in light of Johnson. At the time of petitioner's sentencing, his convictions for reckless endangerment in the first degree were "violent felonies" only by virtue of the ACCA's now-defunct residual clause. Petitioner's sentence violates his due process rights and he must be resentenced.

6

**CONCLUSION**

Based on the foregoing, the court GRANTS petitioner's second or successive motion to vacate. (DE 148). The clerk is DIRECTED to schedule petitioner for resentencing at the next available regularly scheduled term of court. The Federal Public Defender, or designee, is DIRECTED to enter an appearance for purposes of petitioner's resentencing hearing. The government is DIRECTED to ensure petitioner's timely writ, transportation, and housing for the resentencing hearing. The United States Probation Office is DIRECTED to investigate, prepare, file under seal, and publish to the appropriate parties an updated presentence report, including recalculation of petitioner's corrected advisory guidelines range, within seven days of the date of resentencing.

SO ORDERED, this the 17th day of June, 2016.

_____
LOUISE W. FLANAGAN
United States District Judge